ORIGINAL

FILED

JUL 3 0 2014

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 14-179C

(Filed: July 30, 2014)

(NOT TO BE PUBLISHED)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIDGET ALLEN,  )
                )
    Plaintiff,  )
                )
    v.          )
                )
UNITED STATES,  )
                )
    Defendant.  )
                )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bridget Allen, *pro se*, Alexandria, Virginia.

Daniel B. Volk, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Ms. Allen appears before the court *pro se*, alleging an illegal taking by the Department of Housing and Urban Development ("HUD") when it failed to investigate adequately complaints she filed with the agency under the Fair Housing Act, 42 U.S.C. § 3604. Am. Compl. at 3, ECF No. 11. She claims that HUD's ineffective actions illegally confiscated her rights to address alleged wrongs. *Id*. Pending before the court are (1) Ms. Allen's motion for leave to proceed *in forma pauperis*, filed on March 3, 2014, (2) the government's motion to dismiss pursuant to Rules 12(b)(1), (6) of the Rules of the Court of Federal Claims ("RCFC"), filed on June 5, 2014, and (3) Ms. Allen's motion for disqualification of all of the judges of this court, filed on June 6, 2014.

## BACKGROUND[1]

Ms. Allen states in her amended complaint that she filed a number of complaints with HUD in 2009 through 2013 regarding alleged violations of the Fair Housing Act, 42 U.S.C. § 3604. Those complaints included claims of discrimination on the basis of race and sexual harassment. Am. Compl. at 2. Specifically, in January 2009, Ms. Allen had filed an administrative complaint with HUD under the Fair Housing Act for events that allegedly took place at her apartment complex located in Alexandria, Virginia. Am. Compl. ¶¶ 26-30. She alleged that she was harassed by the management staff of the complex in mid-2007, followed by unconsented attempts by the staff to enter her apartment in April 2008 and again in August 2008. Am. Compl. Ex. 2.[2] HUD received her complaint, Am. Compl. Ex. 1, and apparently referred it to the Virginia Fair Housing Office, Am. Compl. Ex. 2.[3] On April 28, 2009, that office determined that her claims of discrimination and harassment in 2007 were time-barred under the applicable one-year statute of limitations, and her other claims, including attempted unlawful entry, evidenced no discriminatory intent and did not raise fair housing issues. Am. Compl. Ex. 2.

---

[1] The recitation of background information does not constitute findings of fact by the court and is given solely to provide a context for deciding the current motions. Unless otherwise noted, however, the circumstances appear to be undisputed.

[2] In 2007 through 2008, Ms. Allen apparently also filed complaints with the local police department and city government. Am. Compl. Ex. 2. In her complaint to HUD, she also asserted that these entities failed to properly investigate those complaints. *Id.*

[3] HUD likely transferred her complaint pursuant to 42 U.S.C. § 3610(f), which states that:

> (1) Whenever a complaint alleges a discriminatory housing practice--
>   (A) within the jurisdiction of a State or local public agency; and
>   (B) as to which such agency has been certified by the Secretary under this subsection;
> the Secretary shall refer such complaint to that certified agency before taking any action with respect to such complaint.
> (2) Except with the consent of such certified agency, the Secretary, after that referral is made, shall take no further action with respect to such complaint unless--
>   (A) the certified agency has failed to commence proceedings with respect to the complaint before the end of the 30th day after the date of such referral;
>   (B) the certified agency, having so commenced such proceedings, fails to carry forward such proceedings with reasonable promptness; or
>   (C) the Secretary determines that the certified agency no longer qualifies for certification under this subsection with respect to the relevant jurisdiction.

It then appears that Ms. Allen filed another complaint with HUD, alleging claims identical to those in her first complaint. Am. Compl. Exs. 3 & 4. Again, HUD referred her complaint to the Virginia Fair Housing Office. *See* Am. Compl. Ex. 3. On December 9, 2009, the Virginia Fair Housing Office dismissed her new complaint for the same reasons as those stated in rejecting her earlier complaint. Am. Compl. Ex. 4. A week later, Ms. Allen sent an amended complaint to the Region III Director of HUD, providing additional details regarding her allegations of fair housing violations. Am. Compl. ¶ 34 & Ex. 5. Ms. Allen alleges that after receiving her amended complaint, HUD failed to "intake and investigate" her submission as outlined in HUD's Title VIII Complaint Intake, Investigation, and Conciliation Handbook. Am. Compl. ¶ 35; *see* Am. Compl. Exs. 7-9; *see also* Department of Housing & Urban Development, *Complaint, Intake, Investigation, and Conciliation Handbook* (8024.01), Chs. 4, 7 (May 5 2008), *available at* www.hud.gov/officesadm/hudclips/handbooks/fheh/80241/(last accessed July 28, 2014).[4] In April 2013, Ms. Allen filed yet another fair housing complaint with HUD regarding the continuing "hostile housing environment" at her apartment complex. Am. Compl. ¶ 53. She alleges this complaint also was not filed and investigated as required. Am. Compl. ¶ 54.[5]

On March 4, 2014, Ms. Allen filed the complaint in this case, alleging that HUD's failure to intake and investigate her claims resulted in an illegal taking under the Fifth Amendment. Compl. ¶ 47, ECF No. 1. After the government filed a motion to dismiss the complaint, Ms. Allen responded and requested 30 days to amend her complaint. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 6. The court granted the requested additional time to amend her complaint, and on May 21, 2014, she filed her amended complaint. In her amended complaint, she asks the court to award her money damages for the taking of her administrative claims and to "[i]nvestigate and issue findings" regarding her Fair Housing complaints. Am. Compl. at 14. The government responded by moving to dismiss the amended complaint, Def.'s Mot. to Dismiss the Am. Compl. ("Def.'s Mot. to Dismiss"), ECF No. 12. Additionally, on June

---

[4]In addition, Ms. Allen asserts that the Region III Director provided the apartment complex with the amended complaint she submitted in December 2009, in violation of HUD procedures. Am. Compl. ¶¶ 37, 38 & Exs. 9, 10. Ms. Allen asserts that the apartment complex's attorney used this information against her in a related case, as evidenced by his invoices to the complex. *Id.* However, the attorney's invoice for work done on behalf of the apartment complex indicates that he reviewed a complaint on October 13, 2009. Am. Compl. Ex. 10. Thus, the attorney must have reviewed a different complaint.

Ms. Allen also states that the apartment complex filed two suits against her in the Circuit Court for the City of Alexandria and the Alexandria General District Court to require her to provide entry into her apartment. Am. Compl. ¶¶ 47-52, 62; *see* Am. Compl. Exs. 12-14. She avers that the judicial processes of both suits were invalid and the courts' orders requiring her to provide entry were void. Am. Compl. ¶¶ 50-51.

[5]Previously, Ms. Allen filed a complaint with this court alleging Fair Housing Act violations similar to those asserted in this case. *See* Compl. at 2, *Allen v. United States*, No. 13-120C (Fed. Cl. Feb. 14, 2013). That complaint was dismissed voluntarily by Ms. Allen three months later. *See* Order of May 30, 2013, *Allen v. United States*, No. 13-120C.

3

6, 2014, Ms. Allen filed a motion for disqualification of the judges of this court under 28 U.S.C. § 455(a). *See* Pl.'s Mot. for Disqualification, ECF No. 13.[6]

## ANALYSIS

### A. *Motion for Recusal*

Ms. Allen seeks recusal of *all* of the judges of this court under 28 U.S.C. § 455, which, among other things, requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see* Pl.'s Mot. for Disqualification at 15-19. Such a motion is determined based on an objective standard – "whether a reasonable person would be convinced the judge is biased." *Addams-More v. United States*, 79 Fed. Cl. 578, 580 (2007) (internal citations and quotation marks omitted); *see also Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1568 (Fed. Cir. 1989). Ms. Allen questions the partiality of the court's judges in her cases because they have not rejected the government's briefs for alleged deficiencies in complying with the court's rules. Pl.'s Mot. for Disqualification at 15-19 (citing RCFC 5.4, 11, 12(b)(1)-(7), and 12(d)). The government has responded that no basis for recusal has been presented. Def.'s Resp. to Pl.'s Mot. for Disqualification, ECF No. 14.

Ms. Allen's motion is unavailing. Her allegations are frivolous, and there is no reasonable basis to question the impartiality of the court's judges in acting on the numerous complaints she has filed in this court over the past several years. *See Allen*, 2014 WL 3505585, at *2-*3.

### B. *Motion to Dismiss*

Addressing the merits, the government argues that Ms. Allen's claims should be dismissed because (1) her dissatisfaction with HUD's responses to her administrative claims does not constitute a taking and is not redressable by this court, Def.'s Mot. to Dismiss at 4-5, and (2) her administrative claims are not property interests cognizable under the Fifth Amendment, *id.* at 5-6.

*1. Standards for decision.*

To withstand the government's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1) or, alternatively, for failure to state a claim under RCFC 12(b)(6), the

---

[6]Concurrently, Ms. Allen filed similar motions for disqualification of all of the court's judges in three other cases pending in this court, namely, Nos. 13-642C, 14-177C, and 14-178C. Recently, decisions were issued denying recusals and dismissing the complaints in Case Nos. 13-642 and 14-178C. *See Allen v. United States*, No. 13-642C, 2014 WL 3510751 (Fed. Cl. July 15, 2014) (dismissing case), *appeal docketed*, No. 14-5120 (Fed. Cir. July 28, 2014); *Allen v. United States*, No. 13-642C, 2014 WL 3505585 (Fed. Cl. July 15, 2014) (denying plaintiff's motion for disqualification); Order of Dismissal at 2 n.3, 5, *Allen v. United States*, No. 14-178C (Fed. Cl. June 11, 2014), *appeal docketed*, No. 145119 (Fed. Cir. July 28 2014).

4

plaintiff must establish sufficient facts to show the court's subject matter jurisdiction over the claim and the plausibility of the claim. *See Montano Elec. Contractor v. United States*, 114 Fed. Cl. 675, 679 (2014) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), and *McAfee, Inc. v. United States*, 111 Fed. Cl. 696, 706 (2013)). While the court construes Ms. Allen's *pro se* pleadings liberally, this leniency does not relive Ms. Allen of her burden to establish jurisdiction. *Id.*

## 2. Lack of subject matter jurisdiction.

Ms. Allen seeks to invoke the court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491.[7] However, the Tucker Act itself does not create a substantive cause of action; a plaintiff must also identify a money-mandating law, *i.e.*, "a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 212-18 (1983)). The Takings Clause of the Fifth Amendment is such a money-mandating source of law, and this court may exercise subject matter jurisdiction over a nonfrivolous claim properly brought under that Clause. *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005).

In the government's view, Ms. Allen labels her Fair Housing Act claims as takings to serve as a device to invoke this court's jurisdiction. Def.'s Mot. to Dismiss at 4-5. The majority of her amended complaint is specific to HUD's actions on to her administrative claims, and she asks the court to investigate and make factual determinations regarding her fair housing claims. *See* Am. Compl. at 14. Putting labels aside, *see Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction."); *see also Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1381 (Fed. Cir. 2006) (affirming the dismissal of a claim of Medicare reimbursement which was pled as a breach of contract), the court lacks jurisdiction over such claims, *see Fennie v. United States*, No. 12-272C, 2013 WL 151685, at *1 (Fed. Cl. Jan. 4, 2013) ("To the extent that the complaint could be construed to allege a violation of the Fair Housing Act, the Act directs litigants to district court, 42 U.S.C. § 3612(o)(1) . . . not this court."). As for Ms. Allen's allegations regarding HUD's failure to intake and investigate her complaints in accordance with HUD regulations, the averments are akin to those underlying a claim to "compel agency action unlawfully withheld or unreasonably delayed" under the Administrative Procedure Act, 5 U.S.C. § 706. In contrast to the Takings Clause, which is money-mandating, the Administrative Procedure Act does not

---

[7]In relevant part, the Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

5

permit money damages. *See Faison v. United States*, 102 Fed. Cl. 637, 641 (2012) ("The A[dministrative ]P[rocedure ]A[ct] does not authorize an award of money damages at all; to the contrary, . . . 5 U.S.C. § 702[] specifically limits the Act to actions 'seeking relief other than money damages.'" (citing and quoting *Wopsock v. Natchees*, 454 F.3d 1237, 1333 (Fed. Cir. 2006))). And, the Administrative Procedure Act "grants jurisdiction over judicial review of final agency decisions to the United States district courts and not the United States Court of Federal Claims." *Id.* at 641. Consequently, this court cannot exercise jurisdiction over Ms. Allen's claims insofar as they turn on the Fair Housing Act or seek judicial review of HUD's actions.

### 3. *Failure to state a claim.*

In the alternative, the government argues that Ms. Allen's claim should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Def.'s Mot. to Dismiss at 5-6. To survive a motion to dismiss for failure to state a claim, a takings claim must plausibly allege both a "cognizable Fifth Amendment property interest" and that the property interest was "taken." *Hearts Bluff Game Ranch, Inc. v. United States*, 669 F.3d 1326, 1328-29 (Fed. Cir. 2012) (holding that a complaint failed to state a claim when no cognizable property interest was pled after the Army Corps of Engineers denied plaintiff's proposal for a mitigation bank on its property). Ms. Allen argues that her administrative claims each constitute a "chose in action," which is recognized as a property interest. Pl.'s Opp'n at 11. In support, Ms. Allen cites Black's Law Dictionary, which defines a "chose in action" as the "right to bring an action to recover a debt, money, or thing," Black's Law Dictionary 234 (7th ed. 1999). She also contends that her right to bring an administrative claim under the Fair Housing Act is a type of physical property. Pl.'s Opp'n at 11. This relabeling effort is not gainful. Ms. Allen's administrative complaints are not cognizable property interests for purposes of the Takings Clause. Additionally, the Fair Housing Act does not create a property right for a person who makes a complaint under that Act.

## CONCLUSION

For the reasons stated, Ms. Allen's motion for disqualification is DENIED, her motion to proceed *in forma pauperis* is GRANTED,[8] and the government's motion to dismiss pursuant to RCFC 12(b)(1) and (6) is GRANTED.

The Clerk shall enter judgment in accord with this disposition.

---

[8]The government responded to her application for proceed *in forma pauperis* by urging the court to deny her application on the ground that her complaint is frivolous. *See* Def.'s First Mot to Dismiss at 3-4, ECF No. 5. That argument is tantamount to asking the clerk to refuse to file Ms. Allen's complaint and reaches too far.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge